IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MICHAEL D. MURRAY,            *

    Plaintiff,            *

vs.                           *
                                  CASE NO. 4:10-CV-126 (CDL)
BRANDON M. MARKS,             *

    Defendant.            *

O R D E R

Plaintiff Michael Murray ("Murray"), an inmate at the Muscogee County Prison in Columbus, Georgia, alleges that Defendant Brandon Marks ("Marks") hit Murray with his car while Murray performed work as a trash collector for the City of Columbus, Georgia. Murray filed this action in the Superior Court of Muscogee County, Georgia against Marks for negligence. Murray's Complaint also asserted claims against the City of Columbus, Georgia ("Columbus"), the State of Georgia, by and through the Georgia Department of Corrections ("Department of Corrections"), and Bill Adamson ("Adamson"), in his individual and official capacity as Warden of the Muscogee County Prison, for negligence and for violating Murray's Fifth, Eighth, and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983 ("§ 1983"). Columbus and Adamson subsequently filed a notice of removal with this Court under 28 U.S.C. § 1441(a), asserting the

Court has original federal question jurisdiction over Murray's § 1983 claims in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).  After removal, Murray stipulated to the dismissal without prejudice of Defendants Columbus, the Department of Corrections, and Adamson.  As a result, the claims over which the Court had original jurisdiction have been dismissed.  Presently pending before the Court are State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Summary Judgment (ECF No. 29) and Marks's Motion for Summary Judgment (ECF No. 26).  For the reasons explained below, the Court declines to exercise supplemental jurisdiction over Murray's remaining state law claims.  Thus, the Court remands this action to the Superior Court of Muscogee County, Georgia.

BACKGROUND

The factual allegations contained in Murray's Complaint are as follows.  Murray performed work as a trash collector during his incarceration as an inmate in the custody of the Department of Corrections and housed at the Muscogee County Prison.  Defs. Bill Adamson & Columbus Georgia's Notice of Removal [hereinafter Notice of Removal], Attach. 1, Compl. for Damages ¶ 10, ECF No. 1-1 at 8 of 29 [hereinafter Compl.].  While collecting trash one day, Murray was positioning a trash can on the rear of a trash truck that was stopped in traffic, and Marks drove his automobile into the rear of the truck and pinned Murray between

2

the two vehicles. *Id.* ¶ 11. As a result of the accident, Murray's legs were crushed and eventually amputated. *Id.* ¶ 12.

Murray's Complaint alleges that Marks is liable for negligence because Marks failed to keep a proper look out in the direction he was traveling, failed to control his automobile, followed too closely, and failed to stop, turn or otherwise divert his automobile to avoid striking Murray. *Id.* ¶¶ 27-29. Murray further alleged in his Complaint that Columbus, the Department of Corrections and Adamson negligently failed to provide him with adequate training prior to assigning him to trash collection duties and negligently failed to provide traffic control and adequate safeguards to prevent the accident. *Id.* ¶¶ 24-25. Murray's Complaint also included claims against Columbus, the Department of Corrections, and Adamson for violating his Fifth, Eighth and Fourteenth Amendment rights by forcing him to collect trash in a hazardous manner and alleged they are liable under § 1983. *Id.* ¶¶ 17-22. Murray served State Farm as his purported uninsured motorist insurance carrier, and he claims uninsured motorist coverage exists for the accident under insurance policies issued by State Farm to his sister and her husband.

Murray initially filed his Complaint in the Superior Court of Muscogee County. Columbus and Adamson subsequently removed the action to this Court under 28 U.S.C. § 1441(a), arguing the

3

Court has original jurisdiction over Murray's § 1983 claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).  Notice of Removal 1-2, ECF No. 1.  Following the removal of the action, Murray stipulated to the dismissal without prejudice of Columbus, the Department of Corrections, and Adamson.  Stipulation of Dismissal Without Prejudice, ECF No. 35.

State Farm filed a motion for summary judgment, which is presently pending before the Court, arguing Murray is not an insured under the policies issued to his sister because he does not reside primarily with her and therefore does not qualify as a resident relative under the policies.  Br. in Supp. of Def. State Farm Mutual Insurance Company's Mot. for Summ. J., ECF No. 30.  Marks filed a motion for summary judgment as well, arguing that if the Court determines that Murray is not an insured under the policies, then Marks is not subject to further liability because Murray executed a limited liability release discharging Marks of liability except to the extent that other insurance coverage exists to cover Murray's claims.  Br. in Supp. of Def. Brandon Marks's Mot. for Summ. J., ECF No. 27.  Murray acknowledges that if he is not entitled to uninsured motorist coverage under the policies issued by State Farm, he has no additional claims against Marks.  Pl.'s Resp. in Opp'n to Def. Marks's Mot. for Summ J. 1, ECF No. 36.

DISCUSSION

"Problems concerning subject matter jurisdiction . . . should be raised *sua sponte* by the court." *Ingram v. Sch. Bd. of Miami-Dade Cnty.*, 167 F. App'x 107, 108 (11th Cir. 2006) (per curiam) (internal quotation marks omitted). An action filed in "a State court of which the district courts of the United States have original jurisdiction, may be removed" to the district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has authority to exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Unites States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

The Court has subject matter jurisdiction over this action. Adamson and Columbus properly removed the action to this Court because Murray asserted federal § 1983 claims against them for allegedly violating his Fifth, Eighth and Fourteenth Amendment rights. The Court has supplemental jurisdiction over Murray's

5

negligence claims because those claims and his § 1983 claims arise out of a common nucleus of operative facts—the car accident. A district court, however, may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise this discretion, the district court weighs the "considerations of judicial economy, convenience[,] fairness to litigants, and comity." *Ingram*, 167 F. App'x at 108 (alteration in original) (internal quotation marks omitted.).

Murray stipulated to the dismissal without prejudice of Columbus, the Department of Corrections, and Adamson, eliminating from the action Murray's federal § 1983 claims over which the Court has original jurisdiction. The remaining claims before the Court are Murray's state law negligence cause of action against Marks and his derivative state law claim for uninsured motorist benefits against State Farm. The disputed issue on summary judgment of whether Murray is entitled to uninsured motorist insurance coverage hinges on interpretations of Georgia law. "[S]tate courts, not federal courts, should be the final arbiters of state law." *Id.* (internal quotation marks omitted). Although dispositive motions are currently pending before the Court, district courts are encouraged "to dismiss any remaining state claims when, as here, the federal claims have

6

been dismissed prior to trial." *Murphy v. City of Aventura*, 383 F. App'x 915, 919 (11th Cir. 2010) (per curiam) (internal quotation marks omitted). The Court finds this admonition particularly apt where, as here, the resolution of the pending motion depends purely upon an interpretation of state law. The Court also finds that neither judicial economy nor fairness dictates a different result. The Court anticipates that the parties, upon remand, will be able to easily submit to the state court the same briefs that have been filed here, and that the remand court should be able to efficiently rule upon the pending motions. Furthermore, there is nothing to suggest that the state court will be unable to render a fair decision under the applicable state law. Based on these considerations, the Court declines to exercise supplemental jurisdiction over Murray's negligence claim against Marks and his derivative state law claim for uninsured motorist benefits against State Farm.

Finally, the Court observes that diversity of citizenship has not been asserted as a basis for the Court's exercise of original jurisdiction in this action. The notice of removal does not allege that diversity exists and omits any factual allegations supporting the Court's exercise of diversity jurisdiction. *See* Notice of Removal. Further, Plaintiff's Complaint fails to allege sufficient facts for the Court to conclude it has diversity jurisdiction over Murray's negligence

7

claim against Marks.  *See generally* Compl. (failing to make any allegation regarding Murray's citizenship and alleging only the residency of Marks).  Because jurisdiction has not been asserted or established based on diversity of citizenship, the Court finds that remand in this case is warranted based on the considerations explained above.  *See Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [plaintiff's] remaining claim should be remanded to state court.").

## CONCLUSION

Based on the foregoing, the Court finds that this action should be remanded and directs the Clerk to remand this action to the Superior Court of Muscogee County, Georgia.

IT IS SO ORDERED, this 2nd day of February, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

8